United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30700
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDRICK SHILOH,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(03-CR-4-ALL)

_____

Before REYNALDO G. GARZA, DAVIS,  and JONES,  Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review the conviction of Defendant - Appellant, Edrick Shiloh, for being

a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  For the following reasons,

we uphold the conviction.

Shiloh first argues that the district court erred in failing sua sponte to give a limiting

instruction regarding the testimony of a witness that was admitted solely for impeachment

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

purposes. As Shiloh failed to ask for a limiting instruction, we review the district court's decision for plain error. *See United States v. Newell*, 315 F.3d 510, 523 (5th Cir. 2002).

The witness, Lauren Anderson, testified that Shiloh had robbed her at gunpoint in 1996. While the district court told the attorneys that it was allowing Anderson's testimony solely for the purpose of impeaching Shiloh's claim that he had never owned or used a gun, Shiloh did not ask for and the court did not give the jury an instruction limiting this testimony to impeachment purposes.

The Government did, however, present evidence supporting the jury's guilty verdict independent of the impeachment testimony. *Id.* at 525. Three law enforcement officers testified that a firearm was retrieved from Shiloh's person at the time of his arrest. One of the officers testified that Shiloh admitted at the time of his arrest that he was in possession of the gun, but later retracted his statement. Further, a spent shell casing recovered from the scene that a ballistics expert tied to the gun corroborated the officers' testimony that they initially approached Shiloh because they heard a gunshot.

Thus, the district court did not plainly err in failing sua sponte to give a limiting instruction regarding the impeachment witness's testimony because there was adequate independent evidence supporting the jury's guilty verdict. *See United States v. Waldrip*, 981 F.2d 799, 805 (5th Cir. 1993); *see also Newell*, 315 F.3d at 525.

Shiloh next argues that the district court violated his right to compulsory process by excluding hospital records and photographs of Jamar Smith, the man with Shiloh at the time of Shiloh's arrest, showing injuries allegedly sustained when officers beat Shiloh and Smith.

Shiloh incorrectly argues that the district court excluded the photographs and hospital

records as a discovery sanction.  The court found that the photographs were not reliable evidence of the alleged beating because they were taken two days after the incident and because the minor injuries exhibited by Smith were inconsistent with the alleged twenty to thirty minute beating. The district court did, however, allow Shiloh to present several witnesses that testified that the officers had beat him and Smith.

Thus, any error in excluding the photographs and hospital records was harmless.  *See United States v. Alexander*, 869 F.2d 808, 812 (5th Cir. 1989).

For the foregoing reasons, the district court's decision is AFFIRMED.